IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION


JEROME ELLIS,                              :
                                           :
                    Plaintiff,             :
                                           :
vs.                                        :        CIVIL ACTION NO.: 7:07-CV-11 (HL)
                                           :
Warden J. DARRELL HART; P.A.               :
JONES; Dr. MOODY; N.P. FRY;                :
Nurse Supervisor B. FIELD; GAIL            :
WELDON; C.O. 1 STUDSTILL;                  :
R.N. S. ADDINSON,                          :
                                           :        PROCEEDINGS UNDER 42 U.S.C. § 1983
                    Defendants.            :        BEFORE THE U.S. MAGISTRATE JUDGE
                                           :
                                           :        **ORDER**
_____

      Plaintiff **JEROME ELLIS**, an inmate at Central State Prison in Macon, Georgia, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has paid the initial partial filing fee as ordered by the Court.

      Plaintiff initiated this action by filing a rambling, confusing, and almost illegible 42 U.S.C. § 1983 complaint. First, in the heading of the complaint, plaintiff names only one defendant–Warden J. Darrell Hart. However, in response to question nine (9) on the Questionnaire for Prisoners Proceeding Pro Se Under 42 U.S.C. § 1983, plaintiff lists seven (7) additional defendants. In his seven (7) page Statement of Claim, plaintiff includes the names of other employees at the Valdosta State Prison .

      The Court finds that plaintiff has failed to comply with Rule 8 of the FEDERAL RULES OF CIVIL PROCEDURE, which requires a civil complaint filed in this Court to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks."

      Plaintiff is **ORDERED** to file a **recast complaint** in this case. The recast complaint **shall be in place of and substituted for the complaint, and all attachments and documents heretofore**

**filed**.  Said recast complaint shall consist of a completed new § 1983 form (attached to this Order), along with **NO MORE THAN TEN (10)** additional pages.  **No attachments shall be filed with the recast complaint.**

The recast complaint must contain a caption that clearly identifies, by name, each individual that plaintiff has a claim against and wishes to include as a defendant in the present lawsuit. Plaintiff must name each individual defendant in both the caption and the body of his recast complaint. Plaintiff may not rely on the fact that individuals are named in the body of the complaint, or in exhibits or separate affidavits, as a means of including them as defendants herein.

In his Statement of Claim, plaintiff is to list **separately** each defendant and, as to each individual defendant so named, plaintiff shall make **brief** factual recitations of the specific actions or omissions of said defendant (including dates, if possible) which allegedly were in violation of plaintiff's constitutional rights.  In other words, plaintiff must explain how each defendant violated his constitutional rights and how he was harmed by such violation.

Plaintiff is encouraged to limit the number of defendants and causes of action set forth in the recast complaint so that he may easily comply with the page limitations imposed by this Order.

Plaintiff shall be given until **March 30, 2007** to submit a recast complaint to the Clerk of Court.  His failure to comply with this Order within this time period will may result in the dismissal of this action in accordance with the standards of 28  U.S.C. §§ 1915A and 1915(e)(2).

The Clerk of Court is directed to forward a 42 U.S.C. § 1983 complaint form to plaintiff.

There shall be no service of process on any defendant until further Order of the Court.

**SO ORDERED**, this 13th  day of March, 2007.


*/s/ Richard L. Hodge*
RICHARD HODGE
UNITED STATES MAGISTRATE JUDGE



lnb