IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JEROME ELLIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. 7:07-CV-11 (HL) |
| | : | |
| Warden J. DARRELL HART; P.A. | : | |
| JONES; Dr. MOODY; N.P. FRY; | : | |
| Nurse Supervisor B. FIELD; GAIL | : | |
| WELDON; C.O. 1 STUDSTILL; | : | |
| R.N. S. ADDINSON, | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| Defendants. | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| | : | |
| | : | **ORDER** |

Plaintiff **JEROME ELLIS**, an inmate at Central State Prison in Macon, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has paid the initial partial filing fee as ordered by the Court.

Plaintiff initiated this action by filing a rambling, confusing, and almost illegible 42 U.S.C. § 1983 complaint. Therefore on March 13, 2007, the Court ordered plaintiff to file a recast complaint. The Court explained to plaintiff that the recast complaint should consist of a completed new § 1983 form and no more than ten (10) additional pages.

Plaintiff did file a recast complaint on March 26, 2007. However, there is no way the Court, or any potential defendants, can read page four (4) of plaintiff's complaint; i.e. the "Statement of Claim" section of the complaint. In an attempt to fit all of his allegations on page four (4), plaintiff has written so small it is completely illegible. The Court cannot conduct a frivolity review and the defendants cannot answer what they cannot read.

Plaintiff is hereby **ORDERED** to rewrite the "Statement of Claim" section of his complaint. Plaintiff should submit the rewritten "Statement of Claim" on no more than five (5) sheets of paper. Plaintiff is not to write so small that it cannot be read by the naked eye.

As the Court explained in its March 13, 2007 Order, plaintiff is to list **separately** each

defendant and, as to each individual defendant so named, plaintiff shall make **brief** factual recitations of the specific actions or omissions of said defendant (including dates, if possible) which allegedly were in violation of plaintiff's constitutional rights. In other words, plaintiff must explain how each defendant violated his constitutional rights and how he was harmed by such violation.

Plaintiff shall be given until **May 14, 2007** to submit the rewritten "Statement of Claim." His failure to comply with this Order within this time period will result in the dismissal of this action in accordance with the standards of 28 U.S.C. §§ 1915A and 1915(e)(2).

There shall be no service of process on any defendant until further Order of the Court.

**SO ORDERED**, this 23rd day of April, 2007.

*/s/ Richard L. Hodge*
RICHARD HODGE
UNITED STATES MAGISTRATE JUDGE

lnb