IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JEROME ELLIS, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO.: 7:07-CV-11 (HL) |
| Warden J. DARRELL HART; P. A. JONES; Dr. MOODY; N. P. FRY; Nurse Supervisor B. FIELD; GAIL WELDON; C. O. 1 STUDSTILL; R. N. S. ADDISON; Chief Counselor BARNES, | : | **RECOMMENDATION** |
| Defendants | : | |

Plaintiff **JEROME ELLIS,** an inmate at Central State Prison in Macon, Georgia, filed this 42 U.S.C. § 1983 action on January 22 , 2007. Plaintiff also filed a request to proceed *in forma papueris*. In an Order dated January 29, 2007, the Court instructed plaintiff to pay an initial partial filing fee in the amount of $6.15. Plaintiff paid this amount on February 26, 2007.

After reviewing plaintiff's initial complaint, the Court ordered that plaintiff file a recast complaint in which he should list each defendant and state exactly what the named defendants did (or failed to do) that violated his constitutional rights. On March 26, 2007, plaintiff filed a recast complaint. Unfortunately, the writing contained in the "Statement of Claim" section in this complaint was so small that the Court could not read it. Therefore, on April 23, 2007, the Court instructed plaintiff to rewrite the "Statement of Claim" section of his complaint on no more than five (5) sheets of paper and submit the same to the Court. Plaintiff was instructed to write legibly and refrain from writing so small that it could not be read by the naked eye.

On May 4, 2007, the Court received plaintiff's rewritten seven (7) page "Statement of Claim."

## I. STANDARD OF REVIEW

The Court is required to dismiss a prisoner's complaint if it determines that the action: (1) is frivolous, or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id*.

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

### A. Grievance Procedure

Plaintiff suffers from numerous health issues; including, but not limited to; digestive problems; pain in his shoulder, neck, back, and joints; some type of hernia; a severe fungal infection on his feet; and an enlarged prostate. Plaintiff seems to state that he filed a grievance regarding the alleged lack of medical care and Chief Counsel Barnes informed him that he was "dropping [his] grievance form." Plaintiff states this caused him "emotional mental derangement anxiety attacks." The Eleventh Circuit has held that a plaintiff has no constitutional right to participate in prison grievance procedures. *See Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989). Therefore, a prison officials' failure to process or decision to "drop" such a grievance is not

actionable under 28 U.S.C. § 1983.

Moreover, plaintiff states that Mr. Barnes failure to process the grievance caused him "emotional mental derangement anxiety attacks." 42 U.S.C. § 1997e(e) provides as follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See also Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Plaintiff sustained no physical injuries as a result of these "dropped" grievances. Therefore, this claim may not prevail under 42 U.S.C. § 1983.

Accordingly it is **RECOMMENDED** that plaintiff's claim relating to the grievance process be **DISMISSED**. This is the only claim in which plaintiff has named defendant Chief Counselor Barnes. Because the Undersigned is recommending dismissal of the only claim naming this defendant, the Undersigned **RECOMMENDS** that defendant Chief Counselor Barnes be **DISMISSED** from this action as well.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

## B. Officer Studstill's confiscation and destruction of plaintiff's razor

Plaintiff states that Officer Studstill improperly and intentionally confiscated and destroyed his electric razor. A prisoner's claim for deprivation of his property does not amount to a violation of due process under the United States Constitution provided that the following two circumstances are present: (1) the deprivation of property resulted from an intentional, non-negligent act of a state employee that is random and unauthorized; rather than pursuant to established state procedure; and (2) the state provides an adequate post-deprivation remedy for the prisoner's loss of property. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Plaintiff does not allege his belongings were confiscated in accordance with prison policy. To the contrary, plaintiff claims that defendant Studstill has a history of such "abuse" and that his razor was not contraband that could have been

legitimately confiscated. Therefore, plaintiff's due process rights were not violated as long as Georgia provides an adequate post deprivation remedy.

Georgia has enacted a cause of action for the wrongful conversion of personal property. *See* O.C.G.A. § 51-10-1. "This statutory provision covers the unauthorized seizure of personal property by police officials. Therefore, the state has provided an adequate post-deprivation remedy when a plaintiff claims that the state has retained his property without due process of law." ***Byrd v. Stewart***, 811 F.2d 554, 555 n.1 (11th Cir. 1987) (citations omitted). Because plaintiff has an adequate post-deprivation remedy in state court, there has been no due process violation.

Accordingly, it is **RECOMMENDED** that plaintiff's Fourteenth Amendment due process claim be **DISMISSED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

## C. Equal Protection Claims

Plaintiff alleges various equal protection violations. However, he provides no details to support his conclusory allegations. Specifically, plaintiff states that P.A. Jones and Dr. Moody have violated his rights under the Equal Protection Clause of the Constitution because they refused to send plaintiff to the local hospital even though they sent white inmates to the hospital on occasion. Additionally, Plaintiff alleges that Warden Darrell Hart violated his "Equal Protection [right] by not seeing to it . . . that [plaintiff's] electric razor [was] replaced." Plaintiff also maintains that Gail Weldon violated his Equal Protection rights when she refused to replace his confiscated razor. According to plaintiff, she replaced white inmates' tobacco and radios.

Bald assertions that a defendant is violating the Equal Protection clause, without any facts to back up such assertions, will not support a §1983 claim. Plaintiff has failed to make any specific factual allegations to support his allegations. ***See Damiano v. Florida Parole and Probation Commission***, 785 F.2d 929 (11th Cir.1986) (finding that inmate must establish that he is similarly

situated to another who has received the desired treatment and that he has been invidiously discriminated against on the basis of a constitutionally protected interest)

Accordingly, the Undersigned **RECOMMENDS** that plaintiff's Equal Protection claims be **DISMISSED**. Moreover, as this is the only claim plaintiff makes against Gail Weldon, the Undersigned **RECOMMENDS** that she be **DISMISSED** as well.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

### D. Threats

Plaintiff states that P.A. Jones threatened his life on March 11, 2005 and October 28, 2005. Mere verbal harassment and threats do not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest, or deny a prisoner equal protection of the law. ***See Stacey v. Ford***, 554 F. Supp. 8 (N.D. Ga. 1982). Accordingly, it is **RECOMMENDED** that plaintiff's claims regarding P.A. Jones' threats be **DISMISSED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

### E. Medical co-payments

Although it is difficult to decipher, plaintiff seems to allege that P.A. Jones violated his rights by charging him a medical co-payment for treatment for his lung infection. Plaintiff seems to state that he should not have to pay this co-payment because incoming inmates should be checked for tuberculosis. Plaintiff does not allege that he has ever been denied medical care due to an inability to pay a co-payment.

Plaintiff's allegations relating to the co-payment do not state a claim for relief. There is no constitutional right to free health care. ***See City of Revere v. Massachusetts Gen. Hosp.***, 463 U.S. 239, 245 n.7 (1983) ("Nothing we say here affects any right a hospital or government entity may

have to recover from a detainee the cost of medical services provided to him."). The imposition of a small fee for medical services upon a prisoner, without any showing that the prisoner was denied care because of an inability to pay the fee, does not violate the Constitution.

Accordingly, the Undersigned **RECOMMENDS** that plaintiff's claim regarding the co-payment for medical services be **DISMISSED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

## F. Conclusion

The Undersigned recommends that plaintiff's claims regarding the failure to process grievances, Officer Studstill's confiscation and destruction of plaintiff's razor, equal protection violations, threats, and medical co-payments be dismissed as frivolous pursuant to 28 U.S.C. 1915A. The Undersigned also recommends that Chief Counselor Barnes and Gail Weldon be dismissed. In a separate Order entered on this day, the Undersigned has ordered that plaintiff's claims regarding lack of medical care go forward against Warden J. Darrell Hart; P.A. Jones, Dr. Moody, N.P. Fry, Nurser Supervisor B. Field, C.O. 1 Studstill, and R.N. S. Addison**.**

**SO RECOMMENDED**, this 16th day of May, 2007.

>  */s/ Richard L. Hodge*
>  RICHARD L. HODGE
>  UNITED STATES MAGISTRATE JUDGE

lnb