IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JEROME ELLIS, | : |
| Plaintiff | : |
| VS. | : CIVIL ACTION NO.: 7:07-CV-11 (HL) |
| Warden J. DARRELL HART; P. A. JONES; Dr. MOODY; N. P. FRY; Nurse Supervisor B. FIELD; GAIL WELDON; C. O. 1 STUDSTILL; R. N. S. ADDISON; Chief Counselor BARNES, | : |
| Defendants | : **ORDER** |

Plaintiff **JEROME ELLIS,** an inmate at Central State Prison in Macon, Georgia, filed this 42 U.S.C. § 1983 action on January 22, 2007. Plaintiff also filed a request to proceed *in forma papueris*. In an Order dated January 29, 2007, the Court instructed plaintiff to pay an initial partial filing fee in the amount of $6.15. Plaintiff paid this amount on February 26, 2007.[1]

On April 2, 2007, plaintiff filed a "Motion to Amend/Correct" (R. at 13). In this document, which consists of one paragraph, plaintiff does not state how he wishes to amend his complaint. Therefore, this Motion to Amend is **DENIED**.

On April 20, 2007, plaintiff filed a document entitled "Amended Complaint" (R. at 15). This

---

[1] Plaintiff has filed a "Motion for Request of Order From a Judge," (R. at 14) in which he requests the deduction of 20% of his trust fund account. Plaintiff has paid the initial partial filing fee as ordered by this Court. Plaintiff is responsible for the payment of the full $350.00 filing fee; and money will be deducted from his trust fund account in accordance with the instructions contained in this Order. As the payment of the full filing fee has been addressed in this Order, plaintiff's "Motion for Request of Order From a Judge" is unnecessary and is **DENIED AS MOOT**.

document merely clarifies the damages he is seeking and clarifies the claims he has made against the various defendants. Because no responsive pleadings have been served, plaintiff is entitled to amend his complaint "once as a matter of course." Fed. R. Civ. P. 15(a). Therefore, this motion to amend is **GRANTED** and the Undersigned has reviewed all of the information contained in this amendment, as well as the allegations contained in the May 4, 2007 restated "Statement of Claim" (R. at 17).

In a separate Recommendation entered on this date, the Undersigned recommended to Judge Hugh Lawson that plaintiff's claims regarding the failure to process grievances, Officer Studstill's confiscation and destruction of plaintiff's razor, equal protection violations, threats, and medical co-payments be dismissed as frivolous pursuant to 28 U.S.C. 1915A. The Undersigned also recommended that Chief Counselor Barnes and Gail Weldon be dismissed.

Plaintiff makes additional allegations regarding the lack of medical care he received for his numerous health issue. He claims that in February 2005, Nurse Beth Field refused to give him medication for the severe pain in his shoulder, neck, feet and joints; despite doctor's orders that he be provided such medication. Moreover, plaintiff states that in October 2005, R.N. S. Addison refused to get him medical treatment even though he was lying on the floor in pain and, also in October 2005, Officer Studstill let him lie on the floor for over an hour in severe pain before alerting medical. Plaintiff alleges that on several occasions, N.P. Fry stopped or refused to give him medication for his "high hernia" because it "costs a lot of money' and, despite doctor's orders, discontinued his "follow up treatment for [an] operation to fix [his] hernia." Plaintiff states he suffered pain in his chest and problems urinating due to a "swollen prostate gland"; but Nurse Fry repeatedly denied treatment. Plaintiff alleges that Dr. Moody refused to perform required follow-up treatment for his hernia despite his repeated requests and refused to give him medication that had been ordered by doctors at the Augusta State Medical Prison. Plaintiff also alleges that he informed P.A. Jones of the severe fungus on his feet; but this defendant refused to help him. Finally, plaintiff states that informed Warden J. Darrell Hart of the lack of medication, medical care, and follow-up

treatment. However, Warden Hart refused to assist him in getting his needed medical care.

The Undersigned finds that these claims regarding lack of medical care must go forward against **Warden J. Darrell Hart; P.A. Jones, Dr. Moody, N.P. Fry, Nurser Supervisor B. Field, C.O. 1 Studstill, and R.N. S. Addison.**

Accordingly, it is hereby **ORDERED** that service be made as provided by law upon defendants **Warden J. Darrell Hart; P.A. Jones, Dr. Moody, N.P. Fry, Nurser Supervisor B. Field, C.O. 1 Studstill, and R.N. S. Addison.** and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

It is further ORDERED AND DIRECTED that a copy of this order be served upon plaintiff's custodian, if any.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of his current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence

upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and correspondence filed with the Clerk a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk of Court will not serve or forward copies of such motions, pleadings, and correspondence on behalf of the parties.

## **DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer and/or dispositive motion. The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required

to respond to any discovery not directed to him or served upon him by the opposing counsel/part. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $250.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

**PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**ELECTION TO PROCEED BEFORE THE**
**UNITED STATES MAGISTRATE JUDGE**

28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of the parties. If the parties desire for the United States Magistrate Judge to hear this case through trial and the entry of judgment, they may obtain the necessary consent forms from the Clerk of the Court.

**SO ORDERED**, this 16th day of May, 2007.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

lnb

# NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.