IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

JEROME ELLIS, :
:
    Plaintiff, :
:
VS. : CIVIL ACTION FILE NO.
: **7: 07-CV-11 (HL)**
DARRELL HART, Warden, et al., :
:
    Defendants. :

**RECOMMENDATION**

Presently pending in this *pro se* prisoner 42 U.S.C. § 1983 action are several motions.

*1. Motion to Dismiss by Defendants Addison and Studstill (doc. 55)*

Defendants Addison and Studstill have filed a motion to dismiss this action against them, based upon lack of sufficient service, lack of personal jurisdiction, and expiration of the statute of limitations.

Plaintiff claims that Addison violated his 14th Amendment rights when he informed him on October 28, 2005, that there was "nothing wrong with him" when he allegedly observed plaintiff writhing in pain on the floor of his cell despite Addison's alleged knowledge that plaintiff had been diagnosed with a hernia a month before. (Statement of Claim at page 1, R-17). Plaintiff claims that, on October 28, 2005, Studstill violated his 14th and 8th Amendment due process rights by permitting plaintiff to lay on the floor in pain for an hour despite plaintiff's repeated requests for medical attention. (Statement of Claim at page 4, R-17).

Plaintiff filed his initial Complaint on January 22, 2007. On March 26, 2007, plaintiff filed an Amended Complaint. On April 20, 2007, plaintiff filed a recast Amended Complaint, pursuant to

the Court's Order. On May 4, 2007, pursuant to this Court's Order, plaintiff filed an amended Statement of Claim to the April 20, 2007 recast Amended Complaint.

On May 16, 2007, this Court dismissed plaintiff's claims regarding the grievance procedure, plaintiff's claims against C.O. I Studstill regarding the seizure of plaintiff's razor, plaintiff's Equal Protection Claims, and plaintiff's claims regarding medical co-payments, and dismissed claims against Chief Counselor Barnes and Gail Weldon. The Court ordered that plaintiff's Complaint proceed against the remaining defendants as to plaintiff's claims regarding lack of medical care.

Service was ordered as to all defendants on May 17, 2007. (R-20 through R-26). Waivers of Service were executed for defendants Hart, Field, Fry, Jones and Moody. (R-29 through R-34). Personal Service was ordered on July 26, 2007 for Addison and Studstill; however, Service was returned unexecuted as to defendants Addison and Studstill on August 9, 2007, as neither defendant was employed at Valdosta State Prison at the time of attempted service. (R-43 through R-44). Plaintiff made no further attempts to serve defendants Addison or Studstill.

As no service has been made on Studstill or Addison and consequently no personal jurisdiction has been obtained over either of them, the claims against Studstill and Addison should be dismissed. Fed.R.Civ.P. 12(b)(2)-(5); See also Cambridge Mut. Fire Ins. Co. v. City of Claxton, 96 F.R.D. 175 (S.D. Ga. 1982), aff'd 720 F.2d 1230 (11th Cir. 1983).

Rule 4(m) of the Federal Rules of Procedure provides as follows:

> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m) (2007). In this case, plaintiff's second and final attempt at service was returned unexecuted on August 9, 2007 – well over 120 days ago – and plaintiff has neither attempted to serve these defendants again nor has he asked for an extension of time in which to serve them.  Plaintiff in his response appears to argue that his failure to perfect service on these defendants should be waived based upon the merits of his case.  However, there is no provision in the Federal Rules of Civil Procedure or in case law for service to be waived just because a plaintiff believes his case to be good.

Consequently, it is the RECOMMENDATION of the undersigned that the motion to dismiss filed by defendants Studstill and Addison be **GRANTED**, and that the action against them be dismissed.

## 2. *Plaintiff's Motion for Dispositive   (doc. 64)*

This 23 page "motion" appears to be a response to the motion to dismiss filed on behalf of defendants Studstill and Addison for lack of personal jurisdiction, discussed more fully above. In this motion, plaintiff address his claims against Studstill and Addison on the merits, essentially arguing that the merits of his case against Studstill and Addison justify their continued inclusion in this case regardless of the lack of jurisdiction the court has over them due to lack of service.  This has been considered by the undersigned as more fully explained above, and any "motion" as to these two defendants is now moot.

Plaintiff also apparently preemptively argues against dismissal of this action against any defendant.  However, as no defendant other than Studstill and Addison had filed any dispositive motion to dismiss the action at the time of plaintiff's motion, plaintiff's motion is premature. Accordingly, it is the RECOMMENDATION of the undersigned that plaintiff's motion be

**DENIED**. The remaining defendants have now filed a dispositive motion, and the undersigned has provided notice and an opportunity to respond thereto as is more fully explained below.

### 3. *Plaintiff's Motion for Mandamus (doc. 69)*

Plaintiff has filed what he titles to be a petition for writ of mandamus. However, it appears to be a combination of a motion for summary judgment and a motion for injunctive relief. It also appears to demand that Judge Lawson, the District Judge to whom this case is assigned, as well as the undersigned, enter judgment for plaintiff against defendants on all counts for the amount of damages requested by plaintiff. In support of this motion, plaintiff files a brief, and affidavit, and a form rule nisi which he has filled in with certain information.

Plaintiff has repeatedly filed motions that demand judgment (docs. 8, 12, 28, 42, 45, 64). However, plaintiff has failed to follow the Federal Rules of Civil Procedure, specifically regarding motions for summary judgment, and the Local Rules.

If this is a motion for summary judgment, plaintiff has again failed to comply with the Federal Rules of Civil Procedure; plaintiff does not provide a statement of material facts, does not set out material facts in his brief or his affidavit; plaintiff merely reiterates argument as to why he should prevail against defendants.

If plaintiff is requesting injunctive relief against defendants, injunctive relief against these defendants at Valdosta State Prison, is mooted by plaintiff's transfer to a different facility, Central State Prison in Macon, Georgia. A prisoner's claim for declaratory and injunctive relief is mooted by his transfer or release from the facility about which he complains. Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986); McKinnon v. Talladega County, 745 F2d 1360 (11th cir. 1984).

Therefore, it is the RECOMMENDATION of the undersigned that plaintiff's motion be **DENIED**.

*4. Plaintiff's Motion for Summary Judgment (doc. 82)*

Plaintiff files this motion for summary judgment, apparently in response to defendants' Response to plaintiff's previous motion for dispositive and cross-motion to dismiss or in the alternative motion for summary judgment (doc. 72). However, a review of the record reveals that the motion at docket 72 was docketed as a response instead of a cross-motion for summary judgment.

In an effort to afford the plaintiff every opportunity to adequately respond to the defendants' cross-motion for summary judgment (doc. 72), the undersigned deems it advisable to give the following notice.

The plaintiff is hereby notified that a motion for summary judgment has been filed on behalf of defendants accompanied by a brief, affidavits, and other supporting materials. The court is required to adequately advise the plaintiff of the significance of the defendants' Motion for Summary Judgment pursuant to Griffith v. Wainwright, 772 F.2d 822 (11th Cir. 1985).

Rule 56(c) of the Federal Rules of Civil Procedure, addressing motions for summary judgment, provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of the hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Under the procedures and policies of this court, motions for summary judgment are normally

5

decided on briefs. The court considers the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted by the parties, in deciding whether summary judgment is appropriate under Rule 56. The parties may submit their argument to this court by filing briefs in support of or briefs in opposition to said motions.

The law provides that the party against whom summary judgment is sought must be given ten (10) days notice of the summary judgment rules. In addition, the party upon whom a motion for summary judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails and refuses to file any affidavits or other materials in opposition to the motion for summary judgment, a FINAL judgment may be rendered against him if otherwise appropriate under the law.

Summary judgment can be granted only if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Warrior Tombigbee Transp. Co. v. M/V Nan Fung</u>, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot simply rely on the pleadings. Rather, in order to establish that a genuine issue of material fact exists, he must respond by filing affidavits, depositions, or other materials to persuade the court that the case must be presented to a jury for resolution. <u>See</u> <u>Van T. Junkins & Assoc. v. U.S. Ind., Inc.</u>, 736 F.2d 656, 658 (11th Cir. 1984).

**FAILURE OF THE PLAINTIFF HEREIN TO RESPOND TO AND REBUT THE STATEMENTS SET FORTH IN THE DEFENDANTS' AFFIDAVITS AND/OR OTHER SWORN PLEADINGS MAY RESULT IN SAID STATEMENTS BEING ACCEPTED AS**

**THE TRUTH.** The court could grant judgment to the defendants and there would be no trial or further proceedings as to these defendants.

Accordingly, the plaintiff is **NOTIFIED AND DIRECTED** to file a response to the defendants' Motion for Summary Judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure **WITHIN THIRTY (30) DAYS** of the date of this order. Plaintiff is directed to Local Rule 7.4, which limits the length of any response to a motion to twenty pages, except upon good cause shown <u>and</u> leave given by the court. After the passage of forty five (45) days from the date of this order, the court will consider the defendants' Motion for Summary Judgment and any opposition to same filed by the plaintiff.

Accordingly, it is the RECOMMENDATION of the undersigned that plaintiff's motion for summary judgment be **DENIED** at this time. Once plaintiff has filed whatever additional response he deems necessary, the undersigned will then consider both plaintiff's motion for summary judgment and the defendants' cross-motion for summary judgment.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 14th day of May, 2008.

                                                             //S Richard L. Hodge
                                                             RICHARD L. HODGE
msd                                                     UNITED STATES MAGISTRATE JUDGE